UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RUDOLPH VALENTINO OSEI,             )
         Plaintiff,                 )
                                    )
     v.                             )   C.A. No. 12-717-S
                                    )
ASHBEL T. WALL, DIRECTOR,           )
et al.,                             )
         Defendants.                )
_____)

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is a civil rights Complaint (ECF No. 1) filed by Plaintiff Rudolph Valentino Osei, pro se, an inmate at the Adult Correctional Institutions ("ACI"), Cranston, Rhode Island, pursuant to 42 U.S.C. § 1983. Osei has also filed an Application to Proceed without Prepayment of Fees and Affidavit (ECF No. 2) ("Application") and a Motion for Appointment of Counsel (ECF No. 3) ("Motion"). Although Osei has now complied with the procedural requirements of 28 U.S.C. § 1915(a), the Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court finds, on initial review, that the Complaint states a claim on which relief may be granted and may go forward for the reasons discussed below.

I.   Complaint

    A.   Law

In connection with proceedings in forma pauperis, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action: 1) is frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2).  28 U.S.C. § 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion.  Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011); see also Fridman v. City of New York, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

B.  Discussion

In brief, the Complaint alleges that Plaintiff was subjected to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution.  The alleged incident began with an issue regarding a portrait of Plaintiff and his deceased cousin drawn by another inmate and ended with Plaintiff being transported to Rhode Island Hospital by ambulance.  In the interim, Plaintiff claims that he was beaten by two named Defendants, Correctional Officers Glendinning and Gass, and at least one unnamed Defendant[1] who is described in the Complaint as the "escorting C.O."  Plaintiff alleges that the correctional officers used excessive force.

Plaintiff further alleges that three other Defendants, Director Wall, Warden Weeden, and Deputy Warden Auger had actual knowledge of these events and did nothing to stop or "fix" them, thereby demonstrating deliberate indifference.  Plaintiff also claims that Warden Weeden created or enforces a policy or custom that easily opens the door to the kind of violation(s) described above by allowing correctional officers to take an inmate to segregation at their own discretion,

---

[1] Plaintiff has named three "John Doe" correctional officers as Defendants.

without clearing such action with their supervisors. All Defendants are sued in their individual capacities.

Reviewing Osei's pro se Complaint liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), accepting his factual allegations as true, Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001), and construing all reasonable inferences in his favor, id., the Court concludes that, at this initial stage, Osei has stated sufficient facts to proceed with his Complaint.

II. Application

Osei has submitted the affidavit required by 28 U.S.C § 1919(a)(1) and a copy of his inmate account statement, certified by an appropriate official at the Adult Correctional Institutions ("ACI"), as directed by § 1915(a)(2). After reviewing the documents, the Court GRANTS his Application.

Plaintiff is still required to pay the statutory filing fee of $350 for this action, however. Pursuant to the Prison Litigation Reform Act, adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b), a prisoner seeking to file in forma pauperis must pay, when funds exist, an initial filing fee of the greater of twenty percent of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his complaint. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly twenty

percent of the previous month's balance in his account.  See 28 U.S.C. § 1915(b)(2).

The monthly deposits to Osei's account during the relevant period averaged $23.33.  During the same period, his average monthly balance was $43.38.  Therefore, Osei is required to pay $8.68 as an initial filing fee.  The ACI is directed to forward to the Court every month, when funds exist, twenty percent of the previous month's balance in Osei's account each time that amount exceeds $10.00 until he has paid the entire filing fee of $350.  Osei shall make his initial payment within thirty (30) days of the date of this Memorandum and Order.

III. Motion for Appointment of Counsel

Osei has also filed a Motion for Appointment of Counsel. He claims that: his imprisonment will limit his ability to litigate; the issues in the case are complex and will require significant research and investigation; he has limited access to the law library and knowledge of the law; and, at trial, counsel would better enable Plaintiff to present evidence and cross-examine witnesses.  The Court DENIES the Motion.

There is no constitutional right to appointed counsel in a civil case.  Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) ("This being a civil case, there is no constitutional right to counsel and the statutory authority is

discretionary." (internal citation omitted)). Plaintiff must demonstrate that exceptional circumstances are present such that a denial of counsel is likely to result in fundamental unfairness impinging on his due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on, among other things, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id. at 24.

With respect to the merits of the instant case, although Plaintiff has plead sufficient facts to pass the preliminary hurdle, the Court cannot at this early juncture find that his claims are meritorious. While the Court expresses no opinion as to the merits of Plaintiff's claims, this factor does not weigh in favor of the appointment of counsel.

As for the complexity of the case, Plaintiff's basic claims, as set forth in the Complaint, are straightforward. He alleges excessive force and deliberate indifference based on the incident described above. The legal issues raised by these claims are not so complex as to weigh in favor of the appointment of counsel.

Regarding Plaintiff's ability to represent himself, his filings demonstrate that he has the ability to draft documents

that are understandable to the Court.  Based on these filings, the Court is satisfied that Plaintiff has the ability to represent himself.

Therefore, the Court concludes that Plaintiff has not demonstrated exceptional circumstances in his case to justify the appointment of counsel.  His claimed limitations are common to most, if not all, prisoners, and his situation is not unique.  Accordingly, the Motion is DENIED.

IV. Conclusion

Based on the foregoing, the Court finds that the instant Complaint survives initial scrutiny under §§ 1915(e) and 1915A.  Accordingly, Osei may proceed with his Complaint.  His Application to proceed <u>in forma pauperis</u> is GRANTED.  His Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: July 29, 2013